UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY EMERT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER PATTI C. RATEKIN,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-01570-BTM-AHG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITH PREJUDICE** |

On September 7, 2021, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP"). For the reasons discussed below, the IFP Motion is granted and the Complaint is dismissed as barred under the *Rooker-Feldman* doctrine.

**DISCUSSION**

**I. Motion to Proceed IFP**

Upon reviewing Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has sufficiently shown his inability to pay the filing fee required to prosecute this action. Accordingly, Plaintiff's IFP Motion is GRANTED.

## II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint fails to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff claims Ms. Ratekin, a California state Commissioner, violated his Fourteenth Amendment rights to due process and equal protection. However, Plaintiff's factual allegations are scarce, conclusory, and lack any specificity. He claims Commissioner Ratekin "has committed FRAUD upon the court" and that she "has lost subject matter jurisdiction by acting in a manner inconsistent with due process and entering void orders in violation of Rules of Court, State, State law, public policy." Even under the most liberal review, Plaintiff's claim is woefully insufficient. *See Iqbal*, 556 U.S. at 678-80.

## III. Subject-Matter Jurisdiction

More fatally, the Court lacks subject-matter jurisdiction. A complaint must state the grounds for the court's jurisdiction to hear the case. Fed. R. Civ. P. 8(a)(1). The *Rooker-Feldman* doctrine bars "state-court losers" from pursuing actions in federal courts to void the decision of state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff requests the Court to "set aside" Commissioner Ratekin's orders. While Plaintiff casts his claim under 42 U.S.C. § 1983, he is in essence appealing a state court decision. However, the Court does not have jurisdiction to consider appeals of state court decisions or set aside their orders. *See Doe &*

*Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000) (district courts must decline jurisdiction when called upon to review state court decisions), *see also Grant v. Unifund CCR, LLC*, 577 Fed. Appx. 693, 696 (9th Cir. 2014) (unpublished) (explaining the *Rooker-Feldman* doctrine prevents federal courts from exercising subject-matter jurisdiction over claims that require the court to act as a "*de facto* court of appeals" over a state court judgment). Therefore, this Court has no jurisdiction to hear the Complaint. *See Black v. Haselton*, 663 Fed. Appx. 573, 576 (9th Cir. 2016) (unpublished). Rather, Plaintiff must appeal the state court's decision through the proper state court avenue.

Because Plaintiff's Complaint falls squarely within the *Rooker-Feldman* doctrine, and this deficiency cannot be cured by amendment, the Complaint is dismissed with prejudice. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is GRANTED and the Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:  September 22, 2021

_____
Honorable Barry Ted Moskowitz
United States District Judge